May it please the court, Walter K. Pyle on behalf of Mr. Figueroa-Gaona. The issues in this case all relate to the invisibility of evidence relating to something that took place a month before the allegations described in the indictment. Mr. Figueroa contends it was error to admit this evidence at all, and second, the court did not weigh probative value under Rule 403 against this evidence. The government argues on appeal that part of this evidence, the evidence regarding a firearm, was actually direct evidence of something that happened a month later, that he possessed the firearm a month later, but the government didn't really offer it for that purpose. There's one sentence in the government's brief that says the government does not really believe the February 5th evidence was an other act, but then they go on to say, this is at page 37 of the supplemental excerpts, but then they go on to say in the next sentence, if the court does not agree, then we move to admit it as 404B evidence. The only person that testified about this prior incident in the car, what was going on in the car, was Detective Ramirez. He described what was going on, there were some video clips, and this evidence was offered by the government. The government said, quote, he will be testifying exclusively on the 404B, so it's pretty clear, I think, that the government was offering this as 404B evidence, not as direct evidence. But it's not 404B evidence as to the gun charge. Well, it was presented that way to the court, and the court instructed. The court, I can't give you the site, but I remember the court saying, maybe not in crystal clear terms, but saying that it's the drug sale aspects of the video that are admitted for 404B purposes, but I don't remember the court saying that the, it was 404B as to the gun charge. Well, the court, quote, quote, quote, quote, excuse me, the court said when Detective Ramirez testified, the court cautioned the jury. They said, you may not consider, you're going to hear this other evidence on February 5th. He said February 9th, but he really meant February 5th. You're going to hear this other evidence, and you may not consider it if Mr. Figueroa-Guillona did these certain acts or events on February 9th. You may not consider that he must have committed the counts as alleged on March 11th. There's no distinction between guns or drugs. The court says you may not consider this. You may not consider that he did these acts on February 9th, that, therefore, he must have committed the acts as alleged on March 11th. The evidence may not be considered for that purpose. That's at page 129 of the excerpts. And the court, in its final written instructions to the jury, the judge said in instruction number 11, you've heard evidence the defendant committed, quote, other acts, unquote, not charged here. You can consider it only on the question of intent, motive, knowledge, or absence of mistake, and for no other purpose. You may not consider it as evidence of guilt of the crime for which the defendant is on trial. Didn't the government say in the filing that it made before trial that it was asking to admit the gun on the as direct evidence? It didn't say we're doing that. It just said there's one sentence in there saying we do not believe that it is other acts. Okay. That sounds like they're asking that it should be admitted because for some reason other than other act evidence. The district court then just basically adopted what the government had said in its brief, right? Well, the court said as to 404B, I adopt the government's arguments. When I first read through there, I didn't even notice until the government had filed their answering brief that that's what they were really trying to get. And I don't think the court recognized that either, because it wouldn't otherwise have said you cannot consider this evidence of these other acts as proof of the acts that took place on March 11th. Counsel, I'm just looking. You referenced, I think, page 181 of the ERs where the court was telling the jury, hey, this detective is about to testify. And the court says very clearly, so the testimony is not offered, if believed by the jury, to establish that if Mr. Figueroa was involved in drug-related activity on February 5th, the court right there limited it, limited the 404B use of that evidence to drug-related activity. It said nothing about the gun. Well, what it's saying is you can only consider it for these purposes. It doesn't say I am also allowing you to consider it as direct evidence. And, in fact, Hernandez did not even testify to anything. I mean, it turned out that Hernandez only testified to two-and-a-half pages of transcript. And he didn't read Judge White. I mean, it sounds like the district court was just saying that the drug aspect of it was the 404B. So once the rest of it's in there, you can argue it for any purpose for which it's appropriate, can't you? I mean, the judge's instruction that it was just read didn't limit the, you know, that video that shows the gun in the box and all that kind of stuff. It didn't limit that to 404B. Not on page 181. 181, I believe it is. But Hernandez didn't really testify to anything. So that really was sort of irrelevant. The only testimony about what went on in the interior of the car was by Detective Ramirez. And there the court instructs at page 129 and says you're going to be talking about, you're going to be, Officer Ramirez will be testifying about other events. And it may relate to drug-related activities or allegations. This evidence is not admissible. Yeah, that's the same point. I didn't read the record as you're reading it. I read the record as the judge parsed out the charges. He said it's 404B as to the drug charge. It's not as to the gun charge. And he told the jury basically, I agree with you. It wasn't as maybe as crisp as it could have been. But that's clearly what the judge had in mind. And I haven't heard any argument from you as to why that's wrong. It seems to me that the gun, as to the gun charge, it clearly is direct evidence. Well, because the judge instructed at the end of the trial, you may not consider these other acts. You may only consider it on questions of intent and so forth. You may not consider it as evidence of guilt of the crime for which he's on trial. I think that is the focus. And that's page 20 of the excerpts where the judge instructs the jury, you may not consider these other acts as evidence of guilt. Direct evidence is evidence of guilt. But so if anything, that was an overly generous instruction for your client. I don't understand how that's a basis for reversal. Well, I'm saying that these are the ground rules that were applied. You know, there's a mud hole in center field, and the umpire says, okay, if a ball goes into the mud hole, it's a ground rule double. And everybody plays according to those rules. And I'm saying that that was what the ground rules were in this case. But where's the prejudice? What's the basis for reversal here? Well, because we noticed that he was found not guilty of possessing the same of another weapon, a .30-06 rifle, in the same bag. But it wasn't in the video. They had the video of the gun. That gun looks identical to the gun that was found in the mud hole. Well, they also found him not guilty of possessing a weapon in furtherance of a count five, in furtherance of a drug activity. So the evidence was obviously not very – the jury didn't consider this overwhelming evidence because they found him not guilty of possessing a firearm in furtherance of drug activity. And – Again, I'm not – I haven't heard anything from you to suggest that somehow, if the jury used the video as direct evidence for the gun count, that that was wrong. It was – it was wrong because the judge instructed them not to do that. You may not consider that as evidence of guilt of the crime for which he's on trial. Okay. Thank you. Thank you. George Madahan of the United States may please the Court. With regards to the argument that took up most of defendants' counsel's time, in addition to the arguments that the Court made, I just want to point to page 121 of the excerpts of record, which is before trial. It's after the motions in Limine in which the government made the argument. The gun evidence in the video is not coming in for limited purposes under 44B, but for its full evidentiary purpose as relevant evidence. The United States made that clear right before trial, starting at line 10. The 40B element of what happened on February 5th is the evidence of a drug sale. But there is his statement, I'm going to bring you my pistol so you can see it, and then showing the pistol, you know, the same pistol that was found on March 11th. I don't think that is 404B. I think that is direct evidence of his possession. The Court says, all right, so the 404B evidence is offered to establish intent, knowledge, absence of mistake as to count to the possession with intent distributed. I say, yes, Your Honor. The Court says, all right. All the time, now, appellate counsel wasn't the trial counsel, but all the time defense trial counsel doesn't object to that at all. So I want to ask you about the prior drug evidence. Can you explain to me what the prior drug transaction shows other than just propensity to commit drug transactions specifically? Absolutely. Don't give me the general, you know, read me the laundry list in Rule 404B. Just give me the specifics. Understood. And I think the best way to demonstrate that that prior drug distribution is circumstantial evidence of both his intent to distribute and his knowledge of the drugs that were found in his closet is to think about, well, what if someone we all knew had nothing to do with drug distribution, had drugs found in their closet? What might they say? Well, first they might say, I don't know what drugs look like. So, yeah, I may have seen that in my closet before, but I don't know. Is it flour? I don't know what it is. They might say, I have no idea where to get drugs. You can't just go to Walmart and buy drugs and I don't know where to get them. They might say, even if I knew I had drugs, what the heck am I going to do with it? I can't just walk on a street corner and say, hey, I have drugs for sale. Well, how am I going to stop someone from just punching me in the nose and taking it? How am I going to stop some cop from being like, oh, okay, now you're under arrest? That person might say, I have no idea what to sell those drugs for. Is it worth $100, $1,000, $1 million? I don't know. He might say, well, how am I supposed to sell it? How do you package it? It's not this case. Yeah. This case, his defense was, it's just not mine. Whoever had it, sure, they intended to possess it with intent to distribute, but it just wasn't mine. Right. Well, and first of all, to go to that, that doesn't matter. Intent is still in play. And this Court has made clear in the Mayans' decisions, the government has the burden of proving the intent to distribute. That means it's relevant. So that evidence comes into intent. Right. But regardless of whether it's, you know, the question of what's disputed, even if it might not be quite so pertinent on the relevance issue, it's absolutely pertinent on the Rule 403 issue. Yeah, that's true. And Judge Watford's right. What was contested in this case is whether they were his drugs or not. So how does his doing this drug transaction in the car in February, whatever it was, make it more likely that he possessed those drugs? Plus, that list of things that I just went over is all circumstantial evidence that the drugs that were found in his closet were his. He does know what drugs look like, so it's not like, oh, I saw that drugs in my closet every day, I just didn't know what it was. He does know where to get drugs. So it's not like, well, I don't know how could it possibly appear in my closet. He does know how to sell the drugs, so he has a motive to have those drugs. And how do we know that he does that? Because he did it before. Because he did it before. Just because you could argue it that way does not mean it shouldn't come into the 404B. All of those elements that I just went over. The point is that everything you just said, the reason why you're able to say, well, of course we know that he knows what drugs are, it's because he did it before. We know he knows what drugs are, yes, because he sold drugs. But that is a very different argument than, oh, he sold drugs once, therefore he intended to sell drugs again. That is, he has specialized knowledge about what drugs are. How many angels do dance on the head of that pen? Well, Your Honor, the point is that this Court numerous times on page 22 of my briefing I list ten cases about how this type of evidence comes in and these type cases. Defense counsel did nothing to argue against any of those cases. And, look, I stopped at ten just because, I mean, you have to stop somewhere. I could have filled my whole brief with cases where we let in this kind of evidence. And, again, defense counsel does nothing to distribute. And this panel cannot go against those cases. And I would argue that's exactly in your circuit, the Seventh Circuit, what the Miller Court did. You know, the Miller Court, and, you know, it's an out-of-district case. It's persuasive. Obviously, we have all these cases in the Ninth Circuit which go my way, which this Court can't just decide, well, I don't like those cases. You have to follow them. But in the Seventh Circuit, the Miller Court names all these other cases where they're doing exactly what we're doing here in the Ninth Circuit. They're letting it in, these kind of cases. They basically just say, well. Respectfully, I mean, I don't want to do a Lloyd Benson moment here where, you know, I know those guys. But, you know, what was going on in that case, and I guess what I'm trying to get at here is, of course you can cite 80 cases or 180 cases or 380 cases where it's been let in, but you have to look at each case individually. And so the question is how in this case does it advance it. And I think all Judge Hamilton was doing in the case that you referred to, and it was Judge Williams in the other one, was to say we've got to look carefully at it on a case-by-case basis because what has been happening, some people might say, is just it's been blithely let in. Prior drug transactions always come in, therefore they always come in. And here's another way to think of it. You have a pile of drugs. If that's the only piece of evidence you know in the world, well, there's about 8 billion people that might possess that drugs. You find drugs in a closet, by the way. It's on the side of the closet where the men's clothes are hanging down. And the other things I talk about, it just happens to be in the gun box that we know is belonged by Mr. Figueroa-Guillona. Because he nicely – Why do you think it's a really strong inference that the drugs belong to him? Right. He just so nicely tells us on video, I'm going to get my gun so you can see it. And then shows on video that exact gun in that exact gun box, which is exactly where those drugs are found. How do we know that the guy in the video is the defendant? Did you ever have a witness testify to that? Well, first of all, I don't need a witness to testify to that. The jury sees the video and the jury sees the defendant. They are entitled to make that – They don't look that similar to me. What's that? They don't look that similar to me. I mean, I only saw the video of him being interrogated. On a sufficiency of evidence, you have to assume that any factual dispute was found in the light and most favor of the government. You have to say that the jury found that that guy was Mr. Figueroa-Guillona. You just have no discretion there. I can't look at the video and say, boy, it doesn't look anything like the guy. Well, it looks exactly like the guy. I mean, I don't know what's – But, again, it's not my opinion. It's not your opinion. It's a sufficiency of you have to say that the jury found that – I mean, obviously, I argued it up and down in closing argument that it was the same guy. But getting back to my point, okay, so now it's found in a closet where there's only two adults that live there. There's only one bedroom. There's only one closet. It's a husband and wife who live there. Okay, now we've narrowed it down from 8 billion people to 2 people. Okay, well, what's some circumstantial evidence we could learn about one of those two people to say, well, out of those two, maybe it was him? We know he knows what drugs look like. We know he knows where to get drugs. We know he knows how to sell drugs. He knows how to sell drugs in such a way that it's hard for police to find out about it because he's very sneaky the way he does it. We know that he has specialized knowledge regarding how to package it, how to value it, how to find – all of it is circumstantial evidence that it's his. Frankly, it all really rolls back to the reason it's more likely him than her is because we have a video of him doing it before on the 5th of February. Just because you could argue it doesn't mean it doesn't come in under 404B. 404B is a rule of inclusion. I can see the argument, I suppose. I mean, I'm not sure I agree with it. I can see the argument that it's admissible under 404B. But one of the things I have a problem with here is I don't think the judge, the district judge, I'm concerned about whether the district judge adequately did the weighing that's required under 403. Because you had, honestly, given all of the things you've talked about, you had a pretty gosh darn good case of possession. You know, man's side of the closet, only two people living in the house, he goes into the house, et cetera, et cetera. You know, probative value is considered in relationship to what's already in evidence, as is unfair prejudice. And so shouldn't the district judge have done more to do the 403 weighing here? Well, first of all, what the district judge did is it adopted the government's 403 arguments. And the government's 403 arguments said, first, look, this isn't emotional-type testimony. This is a drug case. This is stuff that has to do with a drug. It's not unfairly prejudicial. It's not so outweighed by its probative value that it should be kept out. And what this Court repeatedly, repeatedly says is the 403 balance really weighs in favor of admitting it, as long as the judge instructs the jury on how they may use it. And the judge did that here three times, both before both of the detectives who talk about it and then again at closing argument. My time is up. Roberts. Your time is up. Unless you're fully ---- Did you have a question? May it please the Court. Counsel cited the Mayans case, United States v. Mayans. And that's very instructive for this case. In that case, the defendant was arrested driving outside of an apartment that was used as a stash house. It was owned by his family. And the Court said ---- and the Court admitted a bunch of other drug deals that Mayans had done. And the Court said, how can that show that he knew there was drugs stashed in these apartments? How could he know that Ortiz was selling drugs? There's no logical connection. And the Court said that the government has to make ---- must prove a logical connection between the knowledge gained in the other act evidence and the knowledge at issue in the case on trial. And also in that case, the Court didn't ---- the judge didn't make a 404, 403 analysis. In this ---- in our case, he didn't either. The judge didn't mention 403. But Mr. Manningham says he adapted the government's 403 analysis. The government simply said it's not unfair. That's all the government's argument on 403 was. It's not unfair. That's not an analysis. The Court made a 403 analysis as to a second other act back in 1999 says I'm making a ---- it's inadmissible under 403 as too remote. But it didn't make such a ruling on this case. So I suggest that the Court did not make a 403 be ---- and it was error to admit this evidence amounted to propensity. Thank you, Mr. Pyle. We appreciate both sides' arguments. And they've traveled back to Berkeley and to San Diego, if I'm not mistaken. The United States v. Figueroa-Gonoa is submitted at this time.
judges: Kennelly, Paez, Watford